CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 11 2017

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:05-cr-00040-2 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UBLESTER VIOLENTE MUNDO, | ) | By:  Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

Ublester Violente Mundo, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the § 2255 motion as untimely filed.

## I.

The court entered Petitioner's criminal judgment in April 2006, sentencing him to, inter alia, 180 months' incarceration for conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner's appeal to the court of appeals was unsuccessful, and the Supreme Court of the United States denied a petition for a writ of certiorari on October 4, 2010. Petitioner filed the instant § 2255 motion no earlier than May 3, 2017, and he argues that the § 2255 motion is timely filed within one year of Dean v. United States, 137 S. Ct. 1170 (2017).[1]

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their

---

[1] As pertinent to Petitioner, Dean held that a sentencing court may consider the mandatory minimum sentence required by 18 U.S.C. § 924(c) when calculating an appropriate sentence for the predicate offense. Dean, supra at 1177.

federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in October 2010 when the Supreme Court denied a petition for a writ of certiorari. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Petitioner did not file the § 2255 until more than five years after his convictions became final.

Petitioner argues that his motion should be considered timely filed because Dean v. United States, 137 S. Ct. 1170 (2017) purportedly triggers the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, Dean does not trigger the limitations period via § 2255(f)(3) because Dean does not apply retroactively to § 2255 proceedings under the criteria discussed in Teague v. Lane, 489 U.S. 288, 311-16 (1989). Furthermore, the Court explained in Dean that "nothing in the law requires" courts to calculate the term of imprisonment for each individual offense and counseled courts to adhere to statutory language and well-settled judicial principles. Dean, 137 S. Ct. at 1176-77.

Consequently, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the § 2255 motion more than one year after his convictions became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 644-45 (2010). The court does not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, the court finds that Petitioner filed the § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

## III.

For the foregoing reasons, the court dismisses the § 2255 motion as untimely filed. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

**ENTER:** This / / day of July, 2017.

/s/ Michael F. Urbanski
_____
Chief United States District Judge